UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN BOSS,

    Plaintiff,

                                                                                                        CASE NO. 1:10-CV-49

v.

                                                                                                        HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 18), the Commissioner's Objections to it (docket # 19), and Plaintiff's Answer to the Objections (docket # 20). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

1

The Report and Recommendation recommends that the Commissioner of Social Security's decision to deny Plaintiff's claim for disability insurance be reversed and remanded. The Commissioner objected, and Plaintiff responded to the objection. After a de novo review of the record, the Court accepts the Magistrate Judge's Report and Recommendation and orders that the Commissioner's decision be reversed and remanded for further proceedings by the ALJ.

The ALJ determined that Plaintiff has the residual functional capacity to perform light work, as defined in 20 C.F.R. 404.1567(b), with certain limitations. According to the ALJ's decision, Plaintiff's "medically determinable impairments could reasonably be expected to cause" her symptoms, but the intensity, persistence and limiting effects of Plaintiff's symptoms are not as great as she claims. *See* AR 16. An ALJ need not credit Plaintiff's testimony regarding her own limitations when the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence," *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997), but it is not clear from the record what the ALJ credited in making his decision in this case. He did not credit Plaintiff's statements, nor did he credit the opinion of her treating physician, Keith Javery, D.O., even though objective evidence, including muscle spasms and severe tenderness on examination, *see* AR 798-799, supported Dr. Javery's opinion. *See Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994) (the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence"). The ALJ's decision appears to be based primarily on Plaintiff's history of complaining of back pain and related "behavioral issues," as well as MRIs that indicate multi-level but mild degeneration. The record is unclear on the weight given to the evidence presented, particularly as the ALJ states that he is giving Plaintiff "the benefit of every reasonable doubt." AR

18.  On remand, the ALJ must clarify what evidence from the record supports his decision, and if he discounts any piece of evidence, the reasons why such evidence is discounted.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed June 13, 2011, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings by the ALJ.


Dated:   September 1, 2011              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE